## James Banks *versus* Charles M. Adams.

An award to do some act, other than the payment of money, to be good, should be so certain, that a specific performance could be decreed.

An award, that B should pay to A a certain sum " in property as good as he had received," and that A should pay to B " the amount which B had paid to R in as good property as he had paid to R," is void for uncertainty.

An award may be good for part and bad for part; and the part which is good will be sustained, if it be not so connected with the part which is bad, that injustice will thereby be done.

Where the parties enter into an agreement in writing in relation to a certain business between them, one cannot maintain an action for money had and received against the other, to recover money received in the business, as provided in the agreement, if it still remains open and executory.

The facts are stated in the opinion of the Court.

*A. W. Paine* argued for the plaintiff, citing 1 Chitty on Pl. 309, 312, 314; 2 Pick. 155; 1 Saund. 320, (b.) note 4; 6 Binn. 159; 7 Johns. R. 249; 20 Maine R. 275; Caldw. on Arb. 195; 1 Com. Dig. Arb. G.; 2 Petersd. Abr. 196; 2 Stark. 102; 24 Wend. 60.

*M' Crillis* argued for the defendant, citing 1 Caines, 304; 3 Serg. & R. 340; 9 Johns. R. 43; 1 Dall. 365; Kyd on Aw. 230; 8 T. R. 366; 5 Mason, 254; 12 Wend. 599; 1 Sumn. 440.

The opinion of the Court was drawn up by

Shepley J. — The case presented by the bill of exceptions shows, that the plaintiff, being the owner of a certain patent, entered into covenant with the defendant, by which he was constituted sole agent for the sale of rights to use the process secured by it. The amount of money received by the defendant, after deducting the expenses incurred by him, was to be equally divided between the parties. The defendant also covenanted, " whenever the sum arising from .the sale of said rights should amount to four hundred dollars," to pay George Rigby such sum, as he had expended in obtaining the patent. The obligation between the parties provided, that disputes arising under it should be referred to three disinterested men.

Disputes having arisen, the parties by a verbal agreement submitted the matters in dispute, and a certain other claim of the plaintiff for money received by the defendant of one Southwick, to the decision of three persons; who after hearing the parties made a verbal award. And this action is assumpsit founded upon that award. The arbitrators ascertained, that the plaintiff had received $59,78 more than the defendant had, after deducting his expenses; and "they thereupon awarded, that Mr. Banks should pay Adams one half of $59,78 in property as good, as he had received. And that Adams pay Banks the amount, which he said Banks had paid Geo. Rigby, (which was understood by the referees and parties to be $100,) in as good property, as he paid said Rigby. Also that Adams pay Banks the amount of money received of Southwick, being $32,89." The jury were instructed, "that in order for the plaintiff to sustain his action on the award, it was necessary for him to prove, that before the commencement of the suit he had performed his part of the award, or offered to perform the same; and that unless such performance or offer had been made, or waived, or settlement proved, the action could not be sustained on the award." To come to a satisfactory conclusion respecting these instructions, it will be necessary to consider the legal effect of the award. So much of it, as awarded, that the plaintiff should pay half of $59,78, "in property, as good as he had received," and that the defendant should pay to the plaintiff the amount, which he had paid to Rigby, "in as good property, as he paid said Rigby," must be void for uncertainty, and because the award was not final and conclusive. Those sums were to be paid in property and not in money. The kind and quality of that property is left undetermined. And if any description and quality of property might be used for that purpose, there is no provision to ascertain by reference or otherwise, whether the property offered in payment would be as good, as that, which the defendant received, or that, which the plaintiff paid. The whole matter was left by the award in a condition to cause further contest and difficulty. An award to do some act, other than the pay-

ment of money, to be good, should be so certain, that a specific performance could be decreed.

The only other matter embraced in the award, was the money alleged to have been received by the defendant of Southwick. That was awarded to be paid in money, and the amount was determined. An award may be good for part and bad for part; and the part, which is good, will be sustained, if it be not so connected with the part, which is bad, that injustice will thereby be done. The money received of Southwick did not arise under the obligation, but was " a certain other claim." If that part of the award, which is good, be sustained, that other claim will be finally determined, and all contest respecting it closed. And all their respective rights arising from the obligation will remain undetermined for future adjustment. These rights and that other claim do not appear to be in any manner connected. The plaintiff may therefore recover the $32,89 received by the defendant of Southwick, without injury to their other rights. But he cannot in this action recover on the money counts for one half of the note for $30, which originated from the business provided for by the obligation; for there is no evidence, that the obligation does not remain open and executory. As the plaintiff upon this construction of the legal effect of the award will have nothing on his part to perform, the instructions must be regarded as erroneous.

*Exceptions sustained, and new trial granted.*