ROBERT GERRY, Jr. *vs.* DANIEL H. EPPES.

*Assumpsit on award of arbitrators under R. S., c.* 108.

Gerry contracted in writing with Eppes to furnish at a certain ship-yard, all the timber of certain descriptions, and some other materials described in the contract, at a stipulated price, on or before a day named, necessary to build a vessel of a certain size. Eppes agreed by the same contract, on his part, to build the vessel in a workmanlike manner, and to have her finished in the following August, and to pay Gerry for the timber and materials thus furnished by a part of the vessel at her cost. Gerry furnished timber which was used by Eppes in the construction of a vessel, which he caused to be enrolled in the names of himself and others, giving Gerry no part thereof.

*Held,* that the mutual claims and demands of the parties under the contract were a proper subject of submission to arbitration under R. S., c. 108, § 1; that it was competent for the arbitrators to award payment for the timber furnished by Gerry, partly in a piece of the vessel, according to the agreement, and partly in cash; that if Eppes failed to perform the award and make over the portion of the vessel which he was ordered to convey by the arbitrators in a reasonable time after demand, Gerry might maintain assumpsit to recover his damages for such failure; and that proof of the acceptance of the award, and the rendition of judgment thereon, and of demand upon Eppes and refusal, were sufficient to entitle Gerry to judgment for the amount of the award and interest.

ON REPORT.

ASSUMPSIT upon an award of referees under a statute submission, R. S., c. 108 ; the subject of which and all the facts necessary to an understanding of the case, are sufficiently stated in the opinion of the court.

Such judgment as the law and evidence required was to be ordered.

*George P. Dutton,* for the plaintiff.

*A. Wiswell,* for the defendant.

The controversy between these parties was not a proper subject of submission under R. S., c. 108, § 1, since payment was to be

made in part of a vessel, and a court of law could not enter up judgment upon the award. *Butler v. Mace*, 47 Maine, 425; *Henderson v. Adams*, 5 Cush., 610. The referees had no authority to say that part of the plaintiff's claim should be paid by a share of the vessel and the rest in cash. *Colcord v. Fletcher*, 50 Maine, 398.

BARROWS, J. In December, 1869, the plaintiff and defendant entered into a written contract whereby the plaintiff undertook to furnish to the defendant all the timber, plank and knees necessary for a vessel of about 180 tons, of certain kinds and descriptions, at prices fixed in the contract, and to deliver the same at the shipyard in Ellsworth, by the tenth day of May then next, and the defendant agreed to build the vessel in a thorough and workmanlike manner, and to have her finished and launched in August following, and to pay for the materials furnished by the plaintiff as aforesaid with an interest in the vessel at the cost.

The plaintiff furnished some timber for the vessel—to what amount or when, or where, does not appear—but at all events a controversy arose between the parties, and after the completion of the vessel the defendant caused her to be enrolled December 3, 1870, (at which time she was finished and ready for business) in the names of himself and certain others, not including the plaintiff, as co-part-owners. The plaintiff's claim against the defendant growing out of this transaction, and the said defendant's "offset if any he has," were submitted by the parties under the statute (R. S., c. 108) to arbitrators, by whose final award it was determined that the whole cost of the vessel when completed was $13,274.72; that there was due plaintiff for timber $1,271.92, and that he was entitled to have three thirty-second parts of the vessel from the time she was finished and ready for business at a cost of $1,244.50, and the balance of his bill ($27.42) to be paid by defendant in cash with interest from the time of the completion of the vessel, each party to pay half the costs of arbitration taxed at $18.

Gerry *v.* Eppes.        ᴓ

This report was accepted at the October term of this court, 1871, and execution issued for the costs, and on Nov. 7, 1871, plaintiff made a demand in writing upon the defendant for a bill of sale of three thirty-second parts of the vessel, and the balance of money in pursuance of the award, with which demand the defendant refused to comply, and this action of assumpsit was commenced Feb. 12, 1872, in support of which the plaintiff relies upon the award. The defendant objects to any recovery upon the award because he says that the controversy here was not such an one as could be the subject of a personal action, and hence not a subject of arbitration under R. S., c. 108—in fine, that the remedy should have been sought in equity to compel a specific performance. But herein, we think, he is in error. The holder of a promissory note payable in specific articles cannot be compelled to resort to equity to enforce its payment. Here it would seem that each party insisted that the other had broken the contract and the claim for damages for such breach was unquestionably the subject of a personal action, or of a submission to arbitration. It was competent for the arbitrators to order payment to be made in the particular mode mentioned in the original contract of the parties, if they were of the opinion that justice required it. It is strongly implied in *Banks v. Adams*, 23 Maine, 259, that an award to do some act other than the payment of money may be the foundation of an action of assumpsit, provided such award makes the act to be done so certain that a specific performance. could be decreed. And we see no reason why arbitrators under the statute may not make a valid award for the transfer of the title and possession of any goods and chattels which are the subject of the contract when the mutual claims and rights of the parties under that contract are submitted to them, provided they make the thing to be done sufficiently certain to prevent further contest as to what it really is which is to be transferred.

It is this power in arbitrators to do equity untrammelled by the strict rules of a purely common law proceeding, which induces parties not unfrequently to submit their controversies to arbitration. If

it is not practicable to enforce a judgment on their decree by any direct process known to the common law, this action of assumpsit upon the award seems to be an appropriate remedy for a non-compliance with its terms.

It is not a nullity because execution cannot be issued upon it directly. But the defendant urges that if the award was valid it is merged in the judgment, and debt—not assumpsit—is the proper remedy. Mr. Chitty calls debt "a more extensive remedy for the recovery of money than assumpsit or covenant," but he limits its use to cases "where the demand is for a sum certain, or is capable of being readily reduced to a certainty," and says it is not suitable where the demand is rather for unliquidated damages than for money. More particularly, he instances among cases in which it lies "on simple contracts and legal liabilities," "an award to pay money, but *not* if it were to perform any other act, unless there were an arbitration bond." 1 Chitty's Pleading, 101, 102.

In 2 Williams' Saunders 62, *b.* note 5, it is said "where an award is for performance of a collateral act, when the submission was without deed, it was formerly holden that there was no remedy to enforce it: but, however, the law is now taken to be that the party may have assumpsit to compel performance." *Purslow v. Bailey*, 2 Ld. Raymond, 1040. In the present case while there is nothing offered in evidence by either party, to indicate that the damages for the non-performance of the award, so far as it relates to the conveyance of the part of the vessel, ought to differ from the sum which it cost as found by the arbitrators and interest thereon, it is easy to see that a variety of circumstances might change the result, and enhance or diminish very greatly the sum recoverable in this action. Where the award is in part for the performance of some particular act, as to deliver a certain chattel or the like, we think assumpsit is the proper remedy for the breach of the defendant's duty, if he fails or refuses to perform.

But, finally, defendant asserts that the arbitrators exceeded their authority in awarding a payment of a small part of the sum found due from the defendant for the timber, in cash. Not so. The

fair construction of the agreement for submission, loosely and carelessly as it is expressed, seems to be that all the claims of the parties against each other, growing out of the contract, and their doings, misdoings and omissions in respect thereto, should be submitted to the arbitrators; and as no limitation was imposed upon them, it was competent for them to award payment by the defendant to the plaintiff for the timber he furnished in the manner stipulated for in the contract, or, as that had been broken, in cash, or part in cash and part in the property stipulated for, if they thought justice would be thereby promoted. They were under no obligation to direct the conveyance of minute and inconvenient fractions of the vessel to cover the small balance due the plaintiff over and above the three thirty-second parts to which they found him entitled. That the subject matter of this controversy and the mutual claims and demands of the parties, and the power of the arbitrators over all were well understood, may fairly be inferred from the fact that no objection seems to have been interposed to the acceptance of the report of the arbitrators, or to the rendition of judgment upon it. That judgment has neither been reversed nor satisfied, nor has the defendant shown any good reason why he should not respond in damages for his failure to meet its requirements. *Judgment for plaintiff for $1271.42, and interest thereon from Dec. 3, 1870.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, and PETERS, JJ., concurred.