## ARTHUR TAYLOR *v.* THE ST. JOHNSBURY & L. C. R. R. CO.

### *Arbitration. Submission. Award. Ratification. Waiver. Pleading. Assumpsit.*

1. The plaintiff and the defendant railroad agreed to and did submit in writing to two arbitrators "to appraise the damages" which should be caused by the defendant's taking of the plaintiff's land for railroad purposes. The arbitrators awarded, that the plaintiff should deed; that the defendant should pay $100 ; that it should build and maintain a certain cattle-pass; that it should keep up the fences while the road was being built; and that it should not injure a spring of water near the railroad line. The declaration averred, that the plaintiff had performed his part of the award by deeding, &c.; that defendant had occupied his land since the award was made, and had only paid the $100; that it neglected to build the cattle-pass and keep up the fence; that it had injured the spring by filling around it; and set forth the injuries; *Held,* on demurrer to the declaration, that the defendant had waived the right to claim that the arbitrators did not follow the submission, as it had gained all it sought by the submission, and holds it by virtue of the award; that if the arbitrators exceeded their authority, the defendant ratified their action by accepting the deed, &c.
2. Assumpsit will lie upon the award.
3. It is no objection that successive actions may arise. The right of action is complete so far as damages have already happened.

ASSUMPSIT upon an award. Heard on demurrer to the declaration, March Term, 1883, Essex County, Ross, J., presiding. Demurrer *pro forma* sustained.

The declaration set out the submission as follows:

"Know all men by these presents, that we, the St. Johnsbury & Lake Champlain Railroad Company, and Arthur Taylor, hereby enter into bonds in the penal sum of $500 to abide the decision of Samuel Ford and Ezra A. Parks, to appraise the damages on said Taylor, where the survey of the railroad has been made; and if the said Ford and Parks cannot agree, they are to call in another man. The said Taylor binds himself to give a good and sufficient deed as said arbitrators shall award, and the said railroad company to pay the sum awarded.

" The said Ford and Parks are to be called out as soon as convenient, and the said Taylor and railroad company bind themselves in the penal sum of $500 to each other to carry out the award of said arbitrators."

And the award as follows:

" In accordance with the above agreement we, Samuel Ford and Ezra A. Parks, the arbitrators named therein, do hereby award that said Taylor shall execute a good and sufficient deed of a strip of land, four (4) rods wide, through his land for the purpose of a railroad; that is to say, two (2) rods each side of the center line of railroad leading from North Concord to Victory, as now surveyed and located, and that said railroad company shall pay said Taylor $100; and shall build and maintain a good and sufficient cattle-pass for his cattle to pass from one side of the railroad to the other; and shall keep up the fences while said railroad is being built, so that his cattle or other property shall not be injured; and shall not injure or interfere with the spring on his land near said railroad line."

*Bates & May,* for the plaintiff.

Commissioners could require the performance of certain acts by the railroad in payment of the land damages. R. L. ss. 3359–60. The power conferred upon the arbitrators was as broad as the statute itself. The acts to be done were only a part of the land damages.

If by any fair implication the matters reported by arbitrators came within the terms of the submission, or if it is a natural or a necessary incident of the matters submitted it will be presumed the parties intended to have the same acted upon by the arbitrators, the award will be upheld. *Brown* v. *Bellows,* 4 Pick. 179; *Blair* v. *Wallace,* 21 Cal. 317.

Assumpsit will lie. Cald. Arb. 388; Morse Arb. 573, n. 3; *Banks* v. *Adams,* 23 Me. 259; *Gerry* v. *Eppes,* 62 Me. 49. The defendant is estopped. The company accepted the deed, entered upon the land, completed its road, and is now running its trains over the land, claiming to own the land taken by the award. Cald. Arb. 307; Morse Arb. 174; 40 Me. 408; 56 How. Pr. 484; 37 Ala. 408; 5 W. Va. 122; 23

Wend. 363; Big. Est. 515. The award will stand if the parties ratify it. 3 Gill (Md.) 31; 19 Pick. 300.

*Poland,* for the defendant.

All that part of the award that the railroad company "shall build and maintain a good and sufficient cattle-pass," &c., is outside the submission and wholly unauthorized by it, and therefore void. *Reed* v. *Lamoille Valley R. R. Co.* Franklin Co. If the award is binding in respect to these matters, damages for failure to furnish passage to the plaintiff's cattle from one part of his farm to the other, or for the escape of his cattle, or to the spring, cannot be recovered by suit on the award. An action on the case is the plaintiff's proper remedy. *Bridgman* v. *Eaton,* 3 Vt. 166; *Sharp* v. *Hancock,* 7 Man. & G. 354.

In *Gerry* v. *Eppes,* 62 Me. 49, the plaintiff furnished the defendant some lumber for building a vessel, and the plaintiff was to have a share of the vessel in payment for the lumber. The parties differed, and submitted the difference to arbitrators, who awarded that defendant should convey to the plaintiff three thirty-second parts of the vessel. The defendant refused to convey, and the plaintiff brought assumpsit to recover the value of the share awarded to him, and was allowed to recover the value. The court said that when the thing awarded to be done was certain and definite, so that a specific performance would be decreed, assumpsit might be maintained. The plaintiff here claims damages for his cattle escaping and for damages to crops by failure to keep up the fences—damages because the building of the road has interfered with his spring—damages for loss of use of his farm by reason of insufficiency of cattle-pass. Are any of these things certain and definite, so that specific performance could be decreed of them? If the railroad company were bound by the award in respect to these matters, an action would lie for each and every violation of them; but the obligation was continuous. Can successive actions and recoveries be had by suits on an award? If an award be made that a party shall build a fence, and he fails to do it, perhaps an action would lie on the award to recover the expense of building the fence.

Here the defendant was not to build any fence; he was not to leave the plaintiff's fence down, and all sorts of consequential damages are claimed.

The opinion of the court was delivered by

POWERS, J.   We attach little importance to the question, whether in strictness the award of the arbitrators followed the submission made by the parties.   The defendant has taken, and is now enjoying, the fruits of the award which it insists is void.   If the defendant had vacated the land and the plaintiff was in possession, this objection to the award would stand in a more favorable light. ` But having gained all the advantage which it sought by the submission, and holding it under and by virtue of the award, the defendant has waived all objections to the award on this score. Cald. Arb. 374; *Kennard* v. *Harris*, 2 B. & C. 801; *Culver* v. *Ashley*, 19 Pick. 300.   " If in making up their award, arbitrators exceed their authority the party against whom this excess operates will ratify the entire action of the arbitrators by accepting from the other party performance of the acts nominated in the award to be done by such other party." Morse Arb. 530.

The declaration avers, that the award was duly published, and in consideration of the promise of the defendant to perform and abide the award, the plaintiff executed his deed of the land, and the defendant paid him the $100 awarded to him, and agreed to comply with the other terms and conditions of said award to be by it performed.

By these acts the parties are now precluded from disputing the force of the award, and stand in court precisely as they would if the award in strictest sense had followed the submission.

We think the action of assumpsit will lie upon this award. *Culver* v. *Ashley, supra*;   Pierce R. R. 424, 425; 23 Me. 259; 62 Me. 49; Cald. Arb. 388; Morse Arb. 573.   The parties mutually promised on good consideration to perform the

award. The award is properly made covering various duties to be by the parties respectively performed. Practically, these mutual duties are imposed by the contract of the parties. They agree to do all things that the arbitrators may prescribe. The duty to convey the land, pay the money, build the cattle-pass, preserve the spring, and keep up the fences, is a duty that the parties have agreed to perform, inasmuch as they have promised to perform the award. And after award made the defendant promised to perform it as made.

It is no objection that successive actions may arise. Installments of annual interest on an entire contract are recoverable in assumpsit; and many other instances might be cited. If duties are successively violated, successive actions may be brought. So far as damages have already happened to the plaintiff, his right of action is complete.

The *pro forma* judgment of the County Court is reversed, and judgment that the demurrer be overruled, and the declaration adjudged sufficient. Case remanded with leave to defendant to replead on usual terms.